UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

           Plaintiff,

v.

CARLOS SAMUEL TREJO,

           Defendant.

CRIMINAL NO. 14-96 (ADM/TNL)

REPORT & RECOMMENDATION

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant Carlos Samuel Trejo's Motion to Suppress Evidence (ECF No. 20) and Motion to Suppress Confessions and Statements In the Nature of Confessions (ECF No. 27). The parties agreed to submit Defendant's motions to the Court without a hearing. (*See* ECF No. 28.) Accordingly, based on all the files, records and proceedings herein, and for the reasons set forth below, the Court will recommend that Defendant's motions be denied.

## I.    FACTS

### A. December 23, 2013 Warrant

On December 23, 2013, Officer Ricardo Muro of the Minneapolis Police Department submitted an affidavit in support of a search warrant before a Hennepin County District Judge attesting to the following: Officer Muro, in the course of an on-going narcotics investigation, had received information from a confidential informant ("CI") over the last month and a half; the CI identified Defendant as being involved in the

1

distribution of narcotics; the CI identified Defendant's residence as 3032 3rd Avenue South Up. ("the 3rd Avenue Address"); Officer Muro corroborated the CI's information; within the previous 72 hours, the CI had conducted a controlled buy of narcotics at Officer Muro's direction; Officer Muro and several other law enforcement officers maintained constant surveillance as the CI approached Defendant's address, entered, and purchased narcotics from Defendant; the CI had seen Defendant engage in similar transactions in the recent past; the CI had observed Defendant possessing firearms in the recent past; Officer Muro knew Defendant to be a member of the Sureno 13 gang; Defendant does not have legal residency status and is therefore prohibited from possessing firearms; and Officer Muro had been able to corroborate the CI's information throughout the course of his investigation. (Def.'s Mem. in Supp., Ex. A at 2 (ECF No. 35).)

Based on the representations in his affidavit, Officer Humphrey obtained a warrant to search the 3rd Avenue Address signed by the Honorable Allen Oleisky, District Court Judge of Minnesota's Fourth Judicial District in Hennepin County. (*Id.* at 4.) Judge Oleisky signed the warrant at 9:02 a.m. on December 23, 2013. (*Id.*) Law enforcement executed the warrant at 10:00 a.m. the same day. (*Id.* at 5.) In the search, officers recovered multiple quantities of suspected methamphetamine, baggies, a Colt .380 handgun and magazine, and various other items of contraband. (*Id.*)

### B. Defendant's Motion to Suppress

Defendant now moves to suppress the fruits of the December 23, 2013 search of the 3rd Avenue Address, arguing that (1) the search warrant was not supported by

2

probable cause, and (2) the *Leon* good-faith exception does not apply. (Def.'s Mem. in Supp. at 3-7.)

## II. ANALYSIS

Probable cause determinations "d[o] not deal with hard certainties, but with probabilities." *Illinois v. Gates*, 462 U.S. 213, 231 (1983). "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed." *Id.* at 238-39 (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960)); *United States v. Vega*, 676 F.3d 708, 717 (8th Cir. 2012). "Information may be sufficiently reliable to support a probable cause finding if the person providing the information has a track record of supplying reliable information, or if it is corroborated by independent evidence." *United States v. Williams*, 10 F.3d 590, 593 (8th Cir. 1993) (citing *Draper v. United States*, 358 U.S. 307, 313 (1959)).

### A. 3rd Avenue Address Warrant Was Supported by Probable Cause

Officer Muro's affidavit supporting the warrant application contained the following information:

> Your affiant has been involved in an on-going investigation over the past month and a half involving the possession and distribution of narcotics in the Metro area. Over the course of the last month and a half, your Affiant has received on-going detailed information from a confidential informant. The CI has identified the individual involved in the narcotics distribution network as [Defendant]. The CI has also

3

>   identified 3032 3rd Ave. S. Up, in the City of Minneapolis as [Defendant]'s residence. Through various investigative techniques and physical surveillance, your Affiant has collaborated [sic] the information provided by the CI.
>
>   Within the last 72 hours, your Affiant, [sic] directed the CI to meet with [Defendant] and conduct a control buy of narcotics. Your Affiant, with the assistance of other weapons investigators, maintain [sic] constant surveillance as the CI drove, and entered [Defendant]'s residence. The CI was directed by [Defendant] to meet him at 3032 3rd Ave. S. Up. in the City of Minneapolis. Once inside, a purchase of narcotics occurred from [Defendant] by the CI. The CI has witness [sic] other similar transactions in the recent past between [Defendant] and other individuals. She/he also states that they have also seen [Defendant] in possession of firearms in the recent past and believes that [Defendant] is currently in possession of a firearm. [Defendant] is also a member of the Sureno 13 street gang. Furthermore, [Defendant] does not have legal residency status, and therefore is prohibited from possession [sic] any kind of firearm.
>
>   The CI mentioned herein has been consistent with the information provided, and I have been able to corroborate this information throughout the course of the investigation.
>
>   Therefore, based on the above information, your Affiant request [sic] a warrant be granted to search the residence at 3032 3rd Ave. S. Up, in the City of Minneapolis.

(Ex. A at 2.)

Defendant argues that the affidavit fails to establish probable cause. The Court disagrees. From the above affidavit, the reader can reasonably conclude that the CI obtained narcotics from Defendant in a controlled buy that was observed by Officer Muro and other law enforcement officers. *See*, *e.g.*, *United States v. Smith*, 266 F.3d 902, 905 (8th Cir. 2001) (determining an affidavit reporting police surveillance of a controlled buy was "sufficient to provide probable cause even though the confidential informant was not previously known to the police"). In addition, the CI had already identified Defendant

and his address, which Officer Muro had corroborated, and which was the same address Defendant directed the CI to meet him at for the controlled buy. *See United States v. Humphreys*, 982 F.2d 254, 258-59 (8th Cir. 1992) (noting that "where the informants' information is at least partially corroborated, attacks upon credibility and reliability are not crucial to the finding of probable cause"). Accordingly, in light of the totality of the circumstances, the independently corroborated details of the CI's tip, and the "considerable deference" that reviewing courts give to probable-cause determinations of issuing judges, *United States v. Bieri*, 21 F.3d 811, 815 (8th Cir. 1994), this Court determines that the affidavit contains sufficient facts to establish a reasonable belief that contraband or evidence of a crime would be found in searching the 3rd Avenue Address.

## B. *Leon* Good-Faith Exception Would Apply

Even assuming, *arguendo*, that the affidavit failed to establish probable cause, the Court determines that the officers executing the warrant "acted in objectively reasonable reliance on a warrant issued by a neutral magistrate." *United States v. Gibson*, 928 F.2d 250, 253 (8th Cir. 1991) (citing *United States v. Leon*, 468 U.S. 897, 922 (1984)). "In the ordinary case, an officer cannot be expected to question the magistrate's probable cause determination or his judgment . . . ." *Leon*, 468 at 921. "[A]bsent allegations that the [issuing judge] was not neutral, 'suppression is appropriate only if the officers were dishonest or reckless in preparing the affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause.'" *United States v. Formaro*, 152 F.3d 768, 771 n.4 (8th Cir. 1998) (citing *United States v. Fulgham*, 143 F.3d 399, 401-02 (8th Cir. 1988) (quoting *Leon*, 468 U.S. at 926)).

The exclusionary rule was judicially created to provide an effective deterrent against unlawful police conduct and its purposes are not served by suppressing evidence where police officers rely in reasonable good faith on a properly obtained warrant. *E.g.*, *United States v. Thomas*, 263 F.3d 805, 808 (8th Cir. 2001). Here, nothing indicates that Officer Muro acted in reckless disregard for the truth when preparing the affidavit, or that Judge Oleisky was anything other than neutral and detached when reviewing the affidavit and issuing the warrant. *United States v. Murphy*, 69 F.3d 237, 242 (8th Cir. 1995). Neither was the warrant "so facially lacking in probable cause as to preclude the executing officer's good faith reliance thereon." *United States v. McNeil*, 184 F.3d 770, 775 (8th Cir. 1999). In executing the warrant, law enforcement relied in good faith on the probable-cause determination of a neutral magistrate. The warrant set out with particularity the place to be searched as required by the Fourth Amendment. Accordingly, Defendant's motion to suppress must also be denied on good faith grounds.

### C. Motion to Suppress Confessions

With respect to Defendant's Motion to Suppress Confessions (ECF No. 27), the Government represents to the Court that no formal interview of Defendant occurred and therefore this motion is moot. (ECF No 36 at 10.) Moreover, Defendant did not address the suppression of any statements in his substantive briefing to the Court. (*See* Def.'s Mem. in Supp. of Mot. to Suppress Evidence, ECF No. 35.) Accordingly, based on the parties' representations to the Court, Defendant's Motion to Suppress Confessions (ECF No. 27) must be denied as moot.

### III.    RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Suppress Evidence (ECF No. 20) be **DENIED** and Defendant's Motion to Suppress Confessions (ECF No. 27) be **DENIED AS MOOT.**

Date:  July 21, 2014                                                s/ Tony N. Leung
                                                                                 Tony N. Leung
                                                                                 United States Magistrate Judge
                                                                                 District of Minnesota

                                                                                 *United States of America v. Trejo*
                                                                                 File No. 14-cr-96 (ADM/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **August 5, 2014**.