# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

  v.

Carlos Samuel Trejo,

       Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 14-96 ADM/TNL

_____

LeeAnn K. Bell, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of
Plaintiff.

F. Clayton Tyler, Esq., F. Clayton Tyler, P.A., Minneapolis, MN, on behalf of Defendant.
_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Carlos

Samuel Trejo's Objections [Docket No. 42] ("Obj.") to Magistrate Judge Tony N. Leung's July

21, 2014 Report and Recommendation [Docket No. 41] ("R&R").  In the R&R, Judge Leung

recommends denying: (1) Trejo's Motion to Suppress Evidence Obtained by Search and Seizure

[Docket No. 20]; and (2) his Motion to Suppress Confessions and Statements in the Nature of

Confessions [Docket No. 27].  After a de novo review of the record, and for the reasons stated

below, Trejo's Objections are overruled and Judge Leung's R&R is adopted.

## II.  BACKGROUND

On December 23, 2013, Officer Ricardo Muro of the Minneapolis Police Department

applied for a warrant to search Carlos Trejo's residence located at 3032 3rd Ave. Up, in

Minneapolis.  Obj. at 1.  In support of his application, Officer Muro submitted an affidavit,

stating:

Your Affiant has been involved in an on-going investigation over the past month and a half involving the possession and distribution of narcotics in the Metro area. Over the course of the last month and a half, your Affiant has received on-going detailed information from a confidential informant. The CI has identified the individual involved in the narcotics distribution network as Carlos Trejo. The CI has also identified 3032 3rd Ave. S. Up, in the City of Minneapolis as [Defendant]'s residence. Through various investigative techniques and physical surveillance, your Affiant has collaborated [sic] the information provided by the CI.

Within the last 72 hours, your Affiant, [sic] directed the CI to meet with Trejo and conduct a control buy of narcotics. Your Affiant, with the assistance of other weapons investigators, maintain [sic] constant surveillance as the CI drove, and entered Trejo's residence. The CI was directed by Trejo to meet him at 3032 3rd Ave. S. Up. in the City of Minneapolis. Once inside, a purchase of narcotics occurred from Trejo by the CI. The CI has witness [sic] other similar transactions in the recent past between Trejo and other individuals. She/he also states that they have also seen Trejo in possession of firearms in the recent past and believes that Trejo is currently in possession of a firearm. Trejo is also a member of the Sureno 13 street gang. Furthermore, Trejo does not have legal residency status, and therefore is prohibited from possession [sic] any kind of firearm.

The CI mentioned herein has been consistent with the information provided, and I have been able to corroborate this information throughout the course of the investigation.

Therefore, based on the above information, your Affiant request [sic] a warrant be granted to search the residence at 3032 3rd Ave. S. Up, in the City of Minneapolis.

See Mem. Supp. Mot. Suppress [Docket No. 35] Ex. A ("Warrant Application").

Based upon this affidavit, a warrant to search 3032 3rd Ave. S. Up was signed by Judge

Allen Oleisky of the Hennepin County District Court. The warrant was executed the same day,

on December 23, 2013.

Trejo argues the search warrant was not based upon probable cause; and therefore, the

search was unconstitutional and the evidence seized from the search should be suppressed. Trejo

argues the factual allegations in the warrant affidavit are not sufficient to show that narcotics

were obtained from Trejo in a controlled buy or to show that the informant's hearsay statements

were independently corroborated.

## III.  DISCUSSION

### A.  Standard of Review

In reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); see also D. Minn. L.R. 72.2(b).  A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.

### B.  Search Warrant

The Fourth Amendment requires a showing of probable cause for the issuance of a search warrant.  United States v. Williams, 477 F.3d 554, 557 (8th Cir. 2007).  "The rule of probable cause is a practical, nontechnical conception" that seeks the best compromise between the need to safeguard citizens from unreasonable invasions of privacy and the desire to give law enforcement the leeway necessary for the community's protection.  Brinegar v. United States, 338 U.S. 160, 176 (1949).  In seeking that balance, courts "may draw reasonable inferences from the totality of the circumstances in determining whether probable cause exists to issue a warrant."  United States v. Wallace, 550 F.3d 729, 732 (8th Cir. 2008) (quotation omitted).

The December 23, 2013 search warrant was supported by probable cause.  In his affidavit supporting the search warrant application, Officer Muro recounted over a month long investigation, a confidential informant ("CI") who identified the 3032 residence, a CI being directed by Trejo to meet him at the residence, and the controlled buy of narcotics at that residence from a person the CI again identified as Trejo.  Although a more detailed affidavit

would have made the application clearer, Officer Muro stated that he corroborated the

information provided by the CI, including the identity of Trejo, the location of his residence, his

immigration status, and his membership in the Sureno 13 street gang.  The judge reviewing the

search warrant application reasonably inferred, from the controlled buy, the CI's statements, and

Trejo's home address in connection with the buy, that the items identified in the warrant would

be there.

Even if the application for the warrant was deficient, the Court agrees with Judge Leung

that nothing in the record indicates that the law enforcement officers acted in anything other than

good faith.  As a result, the evidence seized pursuant to the December 23 warrant is admissible.

See United States v. Leon, 468 U.S. 897 (1984).  Under the Leon good-faith exception, "disputed

evidence will be admitted if it was objectively reasonable for the officer executing a search

warrant to have relied in good faith on the judge's determination that there was probable cause to

issue the warrant."  United States v. Grant, 490 F.3d 627, 632 (8th Cir. 2007).  The reviewing

court should consider the totality of the circumstances, "including any information known to the

officer but not included in the affidavit . . . ."  Id. (citation omitted).

The good faith exception will not apply in four instances:

> (1) when the affidavit or testimony in support of the warrant included
> a false statement made knowingly and intentionally or with reckless
> disregard for its truth, thus misleading the issuing judge; (2) when the
> judge 'wholly abandoned his judicial role' in issuing the warrant; (3)
> when the affidavit in support of the warrant was 'so lacking in indicia
> of probable cause as to render official belief in its existence entirely
> unreasonable'; and (4) when the warrant is 'so facially deficient' that
> the executing officer could not reasonably presume the warrant to be
> valid.

Id. (citing Leon, 468 U.S. at 923).

4

Trejo argues for the first time in his Objection that the judge issuing the search warrant abandoned his judicial role and acted as a rubber stamp for the police. Obj. at 8. Trejo points to two affidavit applications approved at the same time: the application to search his residence and an application for Michel Trinidad at 3212 Elliot Ave. S. Down in Minneapolis. See Mem. Supp. Mot. Suppress Ex. B. Trejo argues that the only differences between these applications were the name of the suspect and the address, presumably showing that the officer simply copied the applications and substituted names. Trejo argues the reviewing judge should have considered this as conclusive evidence that the application was not based on probable cause. First, different names and addresses are not insignificant differences. There is no evidence that the judge failed to pay attention to the names and addresses of the suspects on the applications. Second, there are other differences in the applications. In this case, the CI conducted a controlled buy, whereas in the Trinidad case the officer described the "southern door of the front of the building," noted Trinidad's name on the mailbox of the residence, and observed a narcotics buy. Although the remainder of each application appears to be recycled work product, it does not automatically follow that the applications were not based on probable cause. A reasonable conclusion is that the applications were similar because the investigations were similar. There is no evidence indicating the judge abandoned his judicial role in analyzing and approving these applications.

## C. Confessions

With respect to Defendant's Motion to Suppress Confessions, Trejo did not object to the R&R. And, the Court agrees with Judge Leung's finding that the motion is moot given that the Government represents to the Court that no formal interview of Trejo occurred.

### IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.    Defendant Carlos Samuel Trejo's Objections [Docket No. 42] to Magistrate Judge

Tony N. Leung's July 21, 2014 Report and Recommendation [Docket No. 41] are

**OVERRULED**;

2.    The Report and Recommendation [Docket No. 41] is **ADOPTED**;

3.    Defendant's Motion to Suppress Evidence Obtained by Search and Seizure

[Docket No. 20] is **DENIED**; and

4.    Defendant's Motion to Suppress Confessions and Statements in the Nature of

Confessions [Docket No. 27] is **DENIED AS MOOT**.


BY THE COURT:


s/Ann D. Montgomery
_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: August 15, 2014