UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 14-96 ADM/TNL
Civil No. 17-4930 ADM

Carlos Samuel Trejo,

        Defendant.

___

LeeAnn K. Bell, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Carlos Samuel Trejo, pro se.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Carlos Samuel Trejo's ("Trejo") Motion to Vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Criminal Docket No. 97] ("2255 Motion").[1]  For the reasons below, Trejo's Motion is denied.

## II. BACKGROUND

On April 7, 2014, Trejo was charged by Indictment [Docket No. 1] with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  The charge carried a 120-month mandatory minimum sentence.

Prior to trial, Trejo filed a Motion to Suppress Evidence Obtained by Search or Seizure [Docket No. 20].  Trejo challenged the legality of the December 23, 2013 search warrant sought

___

[1] All docket citations are to the Criminal Docket.

to suppress methamphetamine, a firearm, and other items of contraband seized from a room where Trejo was staying.  See Mem. Supp. Mot. Suppress [Docket No. 35].

On July 21, 2014, Magistrate Judge Tony N. Leung recommended that Trejo's Motion be denied.  R&R [Docket No. 41].  Trejo filed an Objection [Docket No. 42] to the R&R, maintaining his argument that the search warrant was deficient because it lacked probable cause. On August 15, 2014, Trejo's Objection was overruled, the R&R was adopted, and the Motion to Suppress was denied.  See Mem. Op. & Order [Docket No. 47].  The case proceeded to trial.

Prior to jury selection, on August 25, 2014, the Court held a pretrial conference.  During the conference, the Government placed on the record a plea offer it had extended to Trejo. Under the terms of the offer, Trejo could plead guilty to a count carrying a mandatory minimum of 5 years instead of the 10-year mandatory minimum he faced if he proceeded to trial.  Trial Tr. [Docket Nos. 86–88] at 8:19–9:4.  Trejo's counsel confirmed that he had received the Government's offer, had communicated it to Trejo, and that Trejo had decided to decline the offer and wished to proceed to trial.  Id, at 9:8–12.  At the pretrial conference, Trejo confirmed both that he had received the Government's offer and that his counsel had answered all of his questions about the plea offer.  Id. at 9:13–24.

Trejo proceeded to trial.  During trial, Trejo's counsel cross-examined each of the Government witnesses, objected to the admission of Government evidence, and called witnesses on Trejo's behalf.  See generally id.  On August 27, 2014, the jury found Trejo guilty of Count 1 in the Indictment, possession with intent to distribute methamphetamine.  See Verdict [Docket No. 70].  Trejo was sentenced to 188 months imprisonment, which was below the guideline range of 210 to 262 months imprisonment.  See Sentencing J. [Docket No. 80].

On March 20, 2015, Trejo filed a Notice of Appeal [Docket No. 82], arguing that the Court incorrectly denied his Motion to Suppress and erred in admitting into evidence redacted telephone conversations of Trejo recorded while he was detained prior to trial. The Eighth Circuit affirmed his conviction. See United States v. Trejo, 632 F. App'x 877 (8th Cir. 2015).

On October 30, 2017, Trejo filed the 2255 Motion. Trejo argues that his attorney was ineffective for three reasons: 1) for failing to vigorously cross examine the Government's witnesses; 2) for failing to vigorously object to the denial of the Motion to Suppress; and 3) for failing to adequately advise Trejo about the Government's plea offer.

### III.  DISCUSSION

**A. Section 2255 Standard**

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of their sentence. See United States v. Addonizio, 442 U.S. 178, 185 (1979). Relief is reserved for violations of constitutional rights and for a narrow range of injuries which, if untreated, would result in a miscarriage of justice. See Poor Thunder v. United States, 810 F.2d 817, 821–22 (8th Cir. 1987).

**B. Ineffective Assistance of Counsel**

In Strickland v. Washington, the Supreme Court set forth the standard for claims of ineffective assistance of counsel. 466 U.S. 668 (1984). To properly demonstrate a claim, a defendant must show that his attorney's representation fell below an objective standard of reasonableness. Id. at 687-88. The defendant must also demonstrate that a reasonable probability exists that but for the attorney's errors, the result of the proceeding would have been different. Id. at 694. "[W]hen reviewing an ineffective-assistance-of-counsel claim, a court

must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Woods v. Donald, 135 S. Ct. 1372, 1375 (2015) (quotations omitted).

### 1. Cross Examination

Trejo first argues that his trial attorney was ineffective for failing "to subject the Government's witnesses to vigorous cross examination." Def.'s Pro Se Mem. [Docket No. 98] at 3. Trejo, however, does not offer any evidence to support this argument. Instead, this section of Trejo's memorandum focuses on the sufficiency of the search warrant affidavit for the Minneapolis residence. He also argues that the probative value of the jail phone calls outweighed the danger of unfair prejudice and should have been excluded.

To the extent that Trejo does contend that his attorney failed to vigorously cross examine the Government's witnesses, such a claim lacks merit. The record reflects that Trejo's attorney cross-examined each of the Government's witnesses, and also called four witnesses on Trejo's behalf. See generally Trial Tr. The Eighth Circuit has held that "[t]here is a strong presumption that counsel's challenged actions or omissions were, under the circumstances, sound trial strategy." Garrett v. Dormire, 237 F.3d 949–50 (8th Cir. 2001). Trejo has not presented any evidence to overcome this presumption.

### 2. Motion to Suppress

Trejo next argues that his counsel was deficient for failing "to vigorously object to the district court's denial of motion to suppress evidence seized pursuant to a completely fabricated search warrant of his residence." Def.'s Pro Se Mem. at 8. The record reflects otherwise. Trejo's counsel moved to suppress the evidence, objected to Magistrate Judge Leung's R&R,

and appealed the issue to the Eighth Circuit. Accordingly, Trejo cannot satisfy the second prong of Strickland, that but for his attorney's conduct, the result would have been different. Moreover, Trejo's argument is an attempt to relitigate issues that were raised and decided on direct appeal. "Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255." United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001).

### 3. Plea Agreement

Finally, Trejo argues that his counsel was ineffective for failing to "adequately advise him regarding a 'favorable plea offer.'" Def.'s Pro Se Mem. at 13. Trejo asserts that the Government's plea offer was "miscommunicated" and that he was not given advice on whether to accept the plea offer.

The Sixth Amendment's right to assistance of counsel extends to the plea-bargaining process. Missouri v Frye, 566 U.S. 134, 140 (2012). "[D]efense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Id. at 145. To show that ineffective assistance was rendered, a defendant "must demonstrate a reasonable probability [that he] would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel." Id. at 147.

Trejo cannot show that he was provided deficient performance of counsel. There is no evidence that the Government's plea offer was not communicated to Trejo by his attorney, or that the terms of the offer were withheld from Trejo. Indeed, the record reflects the opposite. During the August 25, 2014 pretrial conference, the Government stated that it had "extend[ed] a plea offer to Mr. Trejo which would have allowed him to plead guilty to a mandatory minimum

5

sentence of five years instead of ten years, which is what he is facing by going to trial here today." Trial Tr. at 8:21–25.  Trejo acknowledged receiving the Government's offer.  Id. at 9:20.  The Court then asked Trejo if his attorney "has answered all of your questions about [the offer] and what you're facing."  Id. at 9:21–23.  Trejo responded affirmatively.  Id. at 9:24.  Accordingly, Trejo cannot demonstrate any deficiency in his right to effective assistance of counsel.

### IV.  CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court finds it unlikely that another court would decide the issues raised in this 2255 Motion differently, or that any of the issues raised in Trejo's motion be debatable among reasonable jurists.  Thus, the Court declines to grant a certificate of appealability.

## V.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Carlos Samuel Trejo's pro se Motion to Vacate under 28 U.S.C. § 2255 [Docket No. 97] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  January 9, 2018.